# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 07-20090-02-KHV |
| TONY WASHINGTON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On July 28, 2009, the Court sentenced defendant to 300 months in prison. This matter is before the Court on defendant's pro se Motion For Sentence Reduction (Doc. #272) filed August 29, 2011. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

A jury found defendant guilty of conspiracy to distribute or possess with intent to distribute marijuana and 50 grams or more of cocaine base (Count 1) and conspiracy to maintain a residence for the distribution of marijuana and cocaine base (Count 4). Defendant's total offense level was 39, with a criminal history category I, resulting in a guideline range of 262 to 327 months.[1] The Court sentenced defendant to 300 months in prison.

## Analysis

Defendant asks the Court to reduce his sentence under the Fair Sentencing Act of 2010

---

[1] The Presentence Investigation Report ("PSIR") determined that defendant was accountable for 889.67 grams of cocaine base. See PSIR ¶ 60. Because defendant was accountable for at least 500 grams but less than 1.5 kilograms of cocaine base, his base offense level before adjustments was 34. See U.S.S.G. § 2D1.1(c)(3) (2009 ed.). Under the current version of the Guidelines, because defendant was accountable for at least 840 grams but less than 2.8 kilograms of cocaine base, his base offense level before adjustments would remain at 34. See U.S.S.G. § 2D1.1(c)(3) (2011 ed.).

("FSA"). See Pub. L. 111-220. In particular, he asks the Court to retroactively apply the FSA.

**I.      Mandatory Minimum Sentence**

Effective August 3, 2010, the FSA amended 21 U.S.C. § 841(b)(1)(A)(iii) to increase the amount of cocaine base needed to trigger the statutory mandatory minimum sentence of ten years, from 50 grams to 280 grams. Defendant is not entitled to relief under this amendment, however, because the Court sentenced him to 300 months in prison, well above the mandatory minimum.[2] In addition, defendant is not entitled to relief because the Court sentenced him on July 28, 2009, before the effective date of the FSA. Congress did not make the statutory change related to cocaine base offenses retroactive. United States v. Reed, 410 Fed. Appx. 107, 111 (10th Cir. 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010), cert. denied, 131 S. Ct. 1706 (2011); see United States v. Wright, 412 Fed. Appx. 54, 55 n.1 (10th Cir. 2011); United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010), cert. denied, 131 S. Ct. 1790 (2011). The "general savings statute," 1 U.S.C. § 109, requires federal courts to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. Reed, 410 Fed. Appx. at 111 (citing Carradine, 621 F.3d at 580). For these reasons, the Court overrules defendant's claim that his sentence should be reduced based on the amendment to the statutory minimum sentence for cocaine base offenses.

**II.     Sentencing Guideline Range**

Defendant apparently argues that the Court should re-sentence him because the FSA and subsequent amendments to the Guidelines lowered the guideline range for certain other defendants

---

[2]      The sentence of 300 months is still below the amended statutory maximum of 40 years for offenses involving at least 28 grams but less than 280 grams of cocaine base. See 21 U.S.C. § 841(b)(1)(B)(iii).

in crack cocaine cases. A district court may reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10(a)(2), one of the applicable policy statements, provides that a reduction is not authorized if the retroactive amendments do not apply to defendant or do not have the effect of lowering the applicable guideline range. Because defendant's base offense level remains at 34 under the amended Guidelines, see U.S.S.G. § 2D1.1(c)(3) (2011 ed.) (base offense level 34 for offenses involving at least 840 grams but less than 2.8 kilograms of cocaine base), his guideline range remains the same.[3] Accordingly, defendant is not entitled to relief. See, e.g., U.S.S.G. § 1B1.10(a)(2).

## III. General Authority To Re-Sentence Defendant

Defendant also asks that the Court reduce his sentence based on a number of factors including post-conviction rehabilitation. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None

---

[3] Defendant appears to concede that his sentencing guideline range remains the same under the amended Guidelines. See Doc. #272 at 2.

of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Civ. P. 35 (authorizes resentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's Motion For Sentence Reduction (Doc. #272) filed August 29, 2011 be and hereby is **OVERRULED**.

Dated this 7th day of December, 2011 at Kansas City, Kansas.

>           s/ Kathryn H. Vratil
>           KATHRYN H. VRATIL
>           United States District Judge