**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 07-20090-02-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| TONY WASHINGTON, ) | No. 11-2237-KHV |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On January 23, 2009, a jury found defendant guilty of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base and to distribute and possess with intent to distribute marijuana (Count 1), and conspiracy to maintain a place for the purpose of distributing and using cocaine base and marijuana (Count 4), both in violation of 21 U.S.C. § 846. On July 28, 2009, the Court sentenced defendant to 300 months in prison. This matter is before the Court on defendant's Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #268) filed April 25, 2011. For reasons stated below, the Court overrules defendant's motion.[1]

**Factual Background**

A jury found defendant guilty of conspiracy to distribute and possess with intent to distribute

---

[1] Defendant filed a motion for return of some $4,285.00 in currency which government agents seized at the time of his arrest. See defendant's Motion For Return Of Seized Property (Doc. #267) filed April 20, 2011. A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return. Fed. R. Crim. P. 41(g). The government notes that it currently retains the currency as evidence in this case. In the event that defendant ultimately prevails on his Section 2255 motion after an appeal, the government may need the currency as evidence in a hearing or possible retrial. Accordingly, the Court overrules defendant's motion for return of seized property. Defendant may re-file his motion after the conclusion of any appeal on his Section 2255 motion.

more than 50 grams of cocaine base and to distribute and possess with intent to distribute marijuana (Count 1) and conspiracy to maintain a residence for the distribution of cocaine base and marijuana (Count 4). Defendant's total offense level was 39, with a criminal history category I, resulting in a guideline range of 262 to 327 months.[2] The Court sentenced defendant to 300 months in prison.[3]

Defendant appealed. On October 22, 2010, the Tenth Circuit affirmed defendant's convictions and sentence. United States v. Washington, 399 Fed. Appx. 418 (10th Cir. 2010).

On April 25, 2011, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that (1) his conviction for both Counts 1 and 4 violates the Double Jeopardy Clause, (2) the Court sentenced him to a prison term which was above the statutory maximum for both counts, (3) the Court erred in instructing the jury on the elements of Count 4 and (4) trial counsel, David A. Kelly, was ineffective because he did not raise the above three issues. In his supplemental petition, defendant argues that appellate counsel, Robert Ratliff, was ineffective because he did not argue that (1) defendant was sentenced based on a quantity of cocaine base that was not alleged in the indictment and (2) the district court should not have

---

[2] The Court determined that defendant was accountable for at least 889.67 grams of cocaine base. See Transcript Of Sentencing (Doc. #254) filed September 29, 2009 at 19-20; see also Presentence Investigation Report ("PSIR") ¶ 60. Because defendant was accountable for at least 500 grams but less than 1.5 kilograms of cocaine base, his base offense level before adjustments was 34. See U.S.S.G. § 2D1.1(c)(3) (2009 ed.). Under the current version of the Guidelines, because defendant was accountable for at least 840 grams but less than 2.8 kilograms of cocaine base, his base offense level before adjustments would remain at 34. See U.S.S.G. § 2D1.1(c)(3) (2011 ed.).

[3] Defendant apparently argues that the Court treated the Guidelines as mandatory, see Supplemental Petition (Doc. #273-1) at 7, but at sentencing, the Court specifically noted that the Guidelines were not binding. See Transcript Of Sentencing (Doc. #254) at 60. After considering all of the statutory factors under Section 3553(a), the Court determined that a sentence of 300 months was appropriate. See id. at 61.

converted the cash in defendant's possession into a drug equivalent.[4]

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

### I. Double Jeopardy

Defendant claims that in violation of the Double Jeopardy Clause, he was convicted on Counts 1 and 4 for the same conduct.[5] To prevail on his claim, defendant must show that he was prosecuted under two separate statutory provisions based on the same conduct. See United States v. Dixon, 509 U.S. 688, 696, 704 (1993); Blockburger v. United States, 284 U.S. 299, 304 (1932); see also United States v. Felix, 503 U.S. 378, 385 (1992) (by itself, overlap in proof between two counts does not establish double jeopardy violation); United States v. Farr, 591 F.3d 1322, 1324 (10th Cir. 2010) (if each offense contains separate element not present in other, double jeopardy does not bar prosecution and punishment of both offenses). In the conspiracy context, defendant must show "in fact and in law" that only one conspiracy existed, i.e. that the facts alleged in one conspiracy would sustain a conviction if offered in support of the other. United States v. Mintz, 16

---

[4] Defendant raised his claims related to appellate counsel in a motion to supplement his initial Section 2255 motion. See Motion For Leave To File Supplemental Petition To Vacate, Set Aside Or Correct Sentence (Doc. #273) filed August 29, 2011. Because defendant asked to raise the additional claims within one year after his conviction was final, and the government has not objected, the Court sustains defendant's motion to supplement.

[5] The Double Jeopardy Clause of the Fifth Amendment provides as follows: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."

F.3d 1101, 1104 (10th Cir. 1994); see United States v. Daniels, 857 F.2d 1392, 1394 (10th Cir. 1988).

Defendant has not alleged sufficient facts to show that he has been punished for multiple offenses based on the same conduct. Count 1 charged seven defendants with conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base and to distribute and possess with intent to distribute marijuana. Count 1 involved activities in Ottawa, Kansas. Count 4 charged four of the seven defendants with conspiracy to maintain a particular residence in Parsons, Kansas (some 100 miles away from Ottawa) for the purpose of distributing and using cocaine base and marijuana. The time frame on Count 1 was January of 2006 through July 15, 2007 while the time frame on Count 4 was March 13 through June 7, 2007.

While the conspiracies certainly involve some overlap, defendant has not shown that only one conspiracy existed or that the two conspiracies were interdependent.[6] The government's evidence on one conspiracy was insufficient to sustain a conviction on the other. See United States v. Cardenas, 105 Fed. Appx. 985, 988 (10th Cir. 2004) (fact that two alleged conspiracies overlapped for single day does not establish that they were interdependent; no double jeopardy problem where facts alleged on one offense would not sustain conviction if proven on other offense); cf. United States v. Johnson, 977 F.2d 1360, 1374 (10th Cir. 1992) (various stashes of drugs considered separate where evidence indicates they were intended for different purposes or transactions), cert. denied, 506 U.S. 1070 (1993). Likewise, the elements of a conspiracy to

---

[6] A common goal by itself is insufficient to establish interdependence. "What is required is a shared, single criminal objective, not just similar or parallel objectives between similarly situated people." United States v. Carnagie, 533 F.3d 1231, 1239 (10th Cir. 2008) (quoting United States v. Evans, 970 F.2d 663, 671 (10th Cir. 1992)).

distribute and possess more than 50 grams of cocaine base and to distribute and possess marijuana do not establish a conspiracy to maintain a particular residence for the purpose of distributing and using cocaine base and marijuana, and vice versa.[7] The Court therefore overrules defendant's first claim for relief.

## II. Defendant's Sentence Did Not Exceed The Statutory Maxima

Defendant claims that the Court sentenced him to a prison term which exceeded the statutory maximum of five years on Count 1 and 20 years on Count 4. Because Count 1 charged and a jury found defendant guilty of a conspiracy which involved more than 50 grams of crack cocaine, the statutory maximum on Count 1 was life in prison. See 21 U.S.C. § 841(b)(1)(A)(iii) (2009). On Count 1, the Court sentenced defendant to 300 months in prison, which was below the statutory maximum of life.[8] On Count 4, the Court sentenced defendant to 240 months in prison, which was the statutory maximum, but ordered that the sentences run concurrently. Because the Court's total sentence of 300 months was well below the statutory maximum on Count 1, the Court overrules defendant's second claim for relief.[9]

---

[7] For example, defendant could have been convicted under Count 1 without ever agreeing to maintain a residence in Parsons for purposes of distributing and using cocaine base and marijuana. On the other hand, defendant could have been convicted on Count 4 without ever agreeing to distribute a specific amount (more than 50 grams) of cocaine base.

[8] The sentence of 300 months is also below the current statutory maximum of 40 years. See 21 U.S.C. § 841(b)(1)(B)(iii) (2011) (statutory maximum of 40 years for offense involving at least 28 grams but less than 280 grams of cocaine base).

[9] Even if the Court assumed, as defendant incorrectly asserts, that the statutory maximum on Count 1 was only five years, a total sentence of 300 months would have been reasonable. The Sentencing Guidelines specifically instruct district courts to stack sentences where the guideline range exceeds the statutory maximum on a single count of conviction. See U.S.S.G. § 5G1.2(d) (if sentence imposed on count carrying highest statutory maximum is less than total punishment, then sentence imposed on one or more of other counts shall run consecutively to the
(continued...)

## III. The Court Properly Instructed The Jury On Count 4 Of The Indictment

Defendant claims that the Court erred in instructing the jury on Count 4 because it included the elements of an offense under 21 U.S.C. § 841, not the elements of conspiracy under 21 U.S.C. § 856. As the government correctly notes, the Court renumbered the counts to avoid confusion in the jury instructions and omitted those counts which had been dismissed or did not involve defendant. Defendant does not specify any basis for objection to the instructions on Count 4 of the indictment (which corresponded to Count 2 of the instructions).[10] As a whole, the jury instructions adequately apprised the jury of the essential elements of conspiracy.[11] The Court overrules defendant's third claim for relief.

---

[9](...continued)
extent necessary to produce combined sentence equal to total punishment); App. Note 1 to U.S.S.G. § 5G1.2(d) (if no count carries an adequate statutory maximum, consecutive sentences to be imposed to extent necessary to achieve total punishment); see also 18 U.S.C. § 3584 (if multiple terms of imprisonment imposed at same time, court may run terms concurrently or consecutively after considering various factors under Section 3553(a)); United States v. Lewis, 594 F.3d 1270, 1276 (10th Cir. 2010) (where guideline range was life but no offense of conviction carried maximum sentence of life, eminently reasonable for district court to impose sentence functionally equivalent to life by imposing maximum sentence for each crime of conviction and making sentences consecutive); see United States v. Ivory, 532 F.3d 1095, 1107-08 (10th Cir. 2008) (hardly unreasonable to "stack" statutory sentences to reach presumptively reasonable Guidelines sentence); United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (Section 5G1.2(d) requires that sentences run consecutively to extent necessary to reach guideline range); United States v. White, 240 F.3d 127, 135 (2d Cir. 2001) (no constitutionally cognizable right to concurrent rather than consecutive sentences). Here, because the statutory maximum on Count 1 was life in prison, stacking was not necessary.

[10] Count 4 in the instructions corresponded to Count 7 of the indictment which charged defendant with distribution of cocaine base on April 20, 2007 in violation of 21 U.S.C. § 841.

[11] On direct appeal, the Tenth Circuit rejected defendant's claim that the conspiracy instructions omitted the essential element of interdependence. See Order And Judgment (Doc. #266) at 5-7.

**IV.     Defendant Has Not Shown That Trial Counsel Provided Ineffective Assistance**

For reasons stated above, defendant has not alleged sufficient facts to show (1) that Mr. Kelly's performance was deficient in failing to raise the above issues or (2) that but for counsel's alleged errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). The Court therefore overrules defendant's claim of ineffective assistance of trial counsel.

**V.      Defendant Has Not Shown That Appellate Counsel Provided Ineffective Assistance**

Defendant argues that Mr. Ratliff was ineffective on appeal because he did not argue that defendant was sentenced based on a quantity of cocaine base that was not alleged in the indictment. See Supplemental Petition (Doc. #273-1) at 1-2. At sentencing, the Court may "look beyond the charges alleged in the indictment and may consider quantities of drugs not alleged in calculating a defendant's base offense level, provided the drugs were part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Foy, 641 F.3d 455, 469 (10th Cir. 2011) (quotations and citations omitted); cf. United States v. Jones, 235 F.3d 1231, 1237 (10th Cir. 2000) (in considering quantity of drugs not charged in indictment, district court cannot sentence defendant beyond statutory maximum for offense charged in indictment). Accordingly, defendant has not shown that counsel's failure to raise this issue on appeal was deficient or prejudicial. See Strickland, 466 U.S. at 689.

Defendant also argues that Mr. Ratliff was ineffective on appeal because he did not argue that the district court should not have converted the cash in defendant's possession into its drug equivalent. Counsel did, however, raise this argument. See Opening Brief Of Defendant-Appellant Tony Washington filed February 3, 2010 at 32 (without basis, district court speculated that money

found on defendant represented proceeds from sale of cocaine base; drug amount not proven by preponderance of evidence); Reply Brief Of Defendant-Appellant Tony Washington filed June 3, 2010 at 5 (drug amounts purely speculative). Defendant does not explain how counsel could have more effectively presented the argument. Counsel's argument on the issue falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689. Even if counsel's performance was somehow deficient in this regard, defendant has not shown a reasonable probability that had counsel presented the argument differently, the Tenth Circuit would have reached a different result.[12] See id. at 694.

The Court overrules defendant's claim that Mr. Ratliff was ineffective on appeal.

## VI. Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

---

[12] On appeal, the Tenth Circuit declined to address defendant's argument related to the conversion of cash into a drug equivalent of 85.05 grams of cocaine base because even if the Court had excluded the 85.05 grams from the drug quantity calculation, defendant's base offense level would have remained at 34. See Order And Judgment (Doc. #266) at 8.

**VII. Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[13] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion For Return Of Seized Property (Doc. #267) filed April 20, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Leave To File Supplemental Petition To Vacate, Set Aside Or Correct Sentence (Doc. #273) filed August 29, 2011 be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that defendant's Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #268) filed April 25, 2011 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the Court's ruling on defendant's motion under 28 U.S.C. § 2255.

---

[13] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 15th day of December, 2011 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge